IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENT D. GRITZMACHER,

                        Plaintiff,                    OPINION AND ORDER

      v.                                      07-cv-700-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                        Defendant.

---

On August 22, 2008, I remanded this case to the commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because the administrative law judge erred in making his step four determination. He failed to consider the sheltered nature of plaintiff's wood shop position and did not articulate his reasons for concluding that plaintiff could perform work as a cook as generally required in the national economy. Now before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $7,757.43 for 48.7 hours of work. He also asks for an additional $1,815.96 for time spent on the fee petition. Defendant disputes both the amount of the fees sought and the characterization of his position as unjustified. Because I find that defendant's position was unjustified, I will

1

grant the petition for an award of fees.  However, I agree with defendant that the fees should be reduced.  Accordingly, I am reducing the fee award to $9,525.60 to reflect what I conclude is a reasonable amount.

FACTS

The relevant facts are set forth in the opinion and order of August 22, 2008.  To recap, plaintiff argued that the administrative law judge erred in finding that plaintiff's substance abuse disorder was a contributing factor material to his disability and erred in finding that plaintiff could perform his past work as a wood shop worker and cook.  I found that the administrative law judge properly applied the regulations, evaluating plaintiff's limitations both when he was using drugs and alcohol and when he was not.  I also found that the administrative law judge reasonably concluded that plaintiff would not be disabled if he stopped abusing drugs and alcohol.

However, I found that the administrative law judge erred in finding at step four that plaintiff's wood shop job was past relevant work.  Although defendant argued that this error was harmless because the administrative law judge found that plaintiff was able to perform his past relevant work as a cook, I disagreed.  I concluded that the administrative law judge failed to articulate the grounds for his decision that plaintiff could perform the job of cook

2

as it is generally performed in the national economy and that it was not at all clear that plaintiff could work as a cook when he could perform only unskilled work.


OPINION

A.  Entitlement to Attorney Fees

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "a reasonable basis in law and fact." Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)).  To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000).  Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).  The government carries the burden of proving that its position was substantially justified.  Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).  The commissioner can meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action.  Pierce, 487 U.S. at 565.

3

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action.") Thus, fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. Marcus, 17 F.3d at 1036.

The commissioner argues that because the court agreed with him on several grounds, his position as a whole was substantially justified. A district court in this circuit has held that "this strategy of tallying successful arguments as a substantive argument for substantial justification is disfavored by courts within this circuit." Harris v. Astrue, 2008 WL 410577

4

*4 (N.D. Ind. 2008).  In <u>Harris</u>,  the court considered whether the commissioner's overall pre- litigation and litigation position had a reasonable basis in the law and the facts.  The court then awarded the petitioner attorney fees even though it found that three of the four grounds were substantially justified.   I find this reasoning persuasive.

Although I agreed with some of the commissioner's arguments in this case, his position was not substantially justified.  First, the administrative law judge did not make a reasonable step four determination.  His finding that plaintiff could perform his past work as a wood shop worker was clearly wrong because that work was performed as part of a compensated work therapy program through the Veterans Administration.  20 C.F.R. §§ 404.1574(a)(3), 416. 974(a)(3).  The administrative law judge also failed to explain his decision that plaintiff could perform the job of cook as it is generally performed, a finding that was contradictory to plaintiff's RFC assessment.  Second, defendant did not have a rational ground for its defense of the administrative law judge's step four determination.  It excused the adjudicator's first error as harmless but failed to offer any reasons why the court should agree with his characterization.

In the alternative, the commissioner argues that the reason for the remand was that the administrative law judge did not fully articulate his reasons for finding that plaintiff could perform his past relevant work as a cook as it is performed in the national economy. As the commissioner points out, the Court of Appeals for the Seventh Circuit has held that

5

an administrative law judge's failure to satisfy the articulation requirement "in no way necessitates" a finding that the commissioner's position was not substantially justified. <u>Stein v. Sullivan</u>, 966 F.2d 317, 320 (7th Cir. 1992); <u>Cunningham v. Barnhart</u>, 440 F. 3d 862, 965 (7th Cir. 2006) (finding commissioner's position substantially justified because objective medical evidence supported administrative law judge's decision, "even though the ALJ was not as thorough in his analysis as he could have been").

As an initial matter, I disagree with defendant's characterization of the remand order. The administrative law judge's errors in this case went beyond a failure to articulate. Further, the court of appeals has not held that a failure to satisfy the articulation requirement can *never* support a finding that the commissioner's position was not substantially justified.

Having reviewed the administrative law judge's decision, my order on the merits and the parties' briefs, I am persuaded that neither the government's pre-litigation position nor its litigation position in this case was substantially justified.  Although the articulation requirement is "deliberately flexible," <u>Stein</u>, 966 F.2d at 319, the administrative law judge's step four determination was so lacking in reasoning that it defied informed review. Accordingly, I will grant plaintiff's request for attorney fees and costs.

6

B.  Reasonableness of Fees

In <u>INS v. Jean</u>, 496 U.S. 154, 161 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).  Under <u>Hensley</u>, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended by a reasonable hourly rate.  <u>Hensley</u>, 461 U.S. at 433.  The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors.  <u>Id</u>. at 434 n.9.  Whether the hours would be properly billed to a client guides the inquiry.  <u>Id</u>. at 434.

In this case, defendant does not object to the hourly rate.  He objects to two entries in the itemization of fees by plaintiff's lawyer.  First, defendant argues that he should not have to pay for the .3 hours that plaintiff's lawyer expended on preparing a motion for an extension of time.  Because plaintiff agrees, $47.49 will be deducted from the requested attorney fees.

Second the commissioner objects to the March 2, 2008 entry of 3.2 hours for organizing the transcript.  However, as plaintiff suggests, this entry also lists the tasks of reviewing the decision and outlining the case.  Because plaintiff's lawyer had not represented

7

plaintiff at the administrative level, I find the amount of time expended for these activities to be reasonable.  I will allow these requested fees.

Allowing for the deduction above, plaintiff is requesting $7,709.64 in fees for 48.40 hours of work performed in connection with the merits phase of this case.  As a general observation, 48.4 hours is well within the range of what has been found reasonable in other social security cases before this court.  E.g., Seamon v. Barnhart, 05-C-0013-C, Opin. and Order, Feb. 23, 2006 (combined 50 hours on initial brief and reply brief not unreasonable); Nickola v. Barnhart, 03-C-622-C, Opin. and Order, November 26, 2004 (roughly 60 hours of combined law clerk and attorney time spent producing plaintiff's briefs not excessive); Cloute v. Barnhart, 03-C-737-C, Order, Sept. 24, 2004 (awarding fees for 48.70 hours); Groskreutz v. Barnhart, 02-C-0454-C, Opin. and Order Feb. 28, 2005 (34.5 hours for work in district court not excessive); Kleinhans v. Barnhart, 99-C-328-C, Opin. and Order, Apr. 25, 2002 (awarding fees for 70 hours, including post-remand work).

Plaintiff's requested fees minus the above deduction are reasonable.  In addition, I find that plaintiff's requested fees of $1,815.96 for his lawyer's time spent on the fee petition are reasonable.  Therefore, I will award plaintiff attorney fees in the amount of $9,525.60.

As a final matter, the commissioner objects to the payment of the fees directly to plaintiff's counsel.  As plaintiff points out, the Court of Appeals for the Seventh Circuit has

8

not held that the fees must go to the plaintiff and not the lawyer.  It is this court's practice to award attorney fees under the Equal Access to Justice Act to the plaintiff but make them payable to plaintiff's attorney contingent upon counsel's production of an assignment of fee agreement executed by plaintiff.  This is consistent with other district court decisions in this circuit.  <u>Martinez v. Astrue</u>, 2008 W.L. 4722335, *2 (E.D.Wis); <u>Irwin v. Astrue</u>, 2008 WL 4099065 (N.D. Ind.).


## ORDER

IT IS ORDERED that the petition of plaintiff for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED.  Plaintiff is awarded fees and costs in the amount of $9,525.60.  That amount is to be made payable to plaintiff's attorney, Dana Duncan, contingent upon counsel's production of an assignment of fee agreement executed by plaintiff.

Entered this 26th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

9